IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E.I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION

CASE NO. 2:13-MD-2433

Chief Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth Preston Deavers

This document relates to: Angela Swartz, *et al.* v. E. I. Du Pont de Nemours and Co., *et al.*, Case No. 2:18-cv-00136

## ORDER

This matter is before the Court for consideration of Defendant's Unopposed Motion for Leave to File Certain Exhibits Under Seal. (ECF No. 61.) In connection with its forthcoming memoranda in opposition to Plaintiffs' Motion to Exclude the Opinions and Testimony of Defense Expert Dr. Douglas Dahl and Plaintiffs' Motion to Exclude the Opinions and Testimony of Defense Expert Dr. Samuel Cohen, Defendant seeks leave to file under seal (1) three redacted sentences of Dr. Douglas Dahl's expert report, (2) three redacted lines of excerpts from Plaintiff Angela Swartz's deposition, and (3) a historical chart summarizing certain of Ms. Swartz's non-public medical information. (*Id.*)

This Court has previously explained the rigorous standard when considering a request for leave to file information under seal. (ECF Nos. 40, 41.) A court has supervisory power over its own records and retains discretion to seal records, which is limited by the strong, presumptive right of the pubic to review those records. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983). Therefore, "[o]nly

the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *In re Nat'l Prescription Opiate Litig.*, Nos. 18-3839, 18-3860, 2019 WL 2529050, at *14 (6th Cir. June 20, 2019) (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Applying the foregoing considerations to this case, the Court finds that the public has an interest in this action, which arises from Defendant's release of the chemical C-8 into the environment around the Washington Works plant in the 1950s that contaminated the water supply in several water districts in Ohio and West Virginia. However, the information sought to be sealed is the medical records and private health information of Ms. Swartz and a family member. (ECF No. 61; MDL ECF No. 27 at ¶ 2(b).) For the reasons previously discussed in detail in prior Orders (ECF Nos. 40, 41), the strong federal policy in protecting the non-disclosure of private health information of Ms. Swartz under the Health Insurance Portability and Accountability Act of 1996, and even more stringent state statute governing Ohio's physician-patient privilege, Ohio Revised Code § 2317.02(B), outweigh the public's interest in disclosure of these materials in this case and serves the strong policy of protecting patient information. *See Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004); *Turk v. Oiler*, 732 F. Supp. 2d 758,

771 (N.D. Ohio 2010); *Shane Grp., Inc.*, 825 F.3d at 305. Moreover, as to the health information of a non-party family member sought to be sealed, "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Finally, permitting Defendant to seal (1) three redacted sentences of Dr. Douglas Dahl's expert report, (2) three redacted lines of excerpts from Ms. Swartz's deposition, and (3) a historical chart summarizing certain of Ms. Swartz's non-public medical information "is no broader than necessary" to protect that information. *In re Nat'l Prescription Opiate Litig.*, 2019 WL 2529050, at \*14 (citations and internal quotation marks omitted).

For these reasons, Defendant's Unopposed Motion for Leave to File Certain Exhibits Under Seal (ECF No. 61) is **GRANTED**. The Clerk is **DIRECTED** to accept for filing under seal in connection with Defendant's forthcoming memoranda in opposition to Plaintiffs' Motion to Exclude the Opinions and Testimony of Defense Expert Dr. Douglas Dahl and Plaintiffs' Motion to Exclude the Opinions and Testimony of Defense Expert Dr. Samuel Cohen the following: (1) three redacted sentences of Dr. Douglas Dahl's expert report, (2) three redacted lines of excerpts from Ms. Swartz's deposition, and (3) a historical chart summarizing certain of Ms. Swartz's non-public medical information. Defendant is **ORDERED** to file on the docket redacted copies of these exhibits within **SEVEN (7) DAYS** of filing its exhibits under seal.

**IT IS SO ORDERED.**

7-16-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3

/s/ Elizabeth A. Preston Deavers
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATE MAGISTRATE JUDGE**