UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

Civil Action 2:13-md-2433
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

This document relates to:

*Travis Abbott and Julie Abbott, et al. v. E. I. du Pont de Nemours and Co., et al.*, Case No. 2:17-cv-00998

*Angela Swartz and Teddy Swartz v. E. I. du Pont de Nemours and Company*, Case No. 2:18-cv-00136

## ORDER

This matter is before the Court on Defendant's Motion for leave to File Certain Motion Under Seal. (*Abbott* ECF No. 177, *Swartz* ECF No. 187.) In that motion, Defendant asks for certain portions of its Motion for a New Trial to be filed under seal, which it has provided to the Court for an *in camera* review. This Order addresses: 1) a correction of the record and, 2) a determination as to the request to seal.

1. **Correction of the Record**

Initially, the Court takes strong issue with the unsupported claim in DuPont's motion that "Juror 54 was visibly in tears" at the time the Court gave the *Allen* charge. (Def's Mot. for Mistrial at 8, Redacted Version.) This Court saw no such conduct. The Court also interviewed all of the staff who were present in the courtroom: the court reporter, courtroom deputy, career

1

law clerk, three term law clerks, and the Court Security Officer who walked the jury to and from the jury room on that occasion. None saw the juror crying.

Importantly, this factual assertion is completely unsupported in the record. Indeed, even though DuPont's counsel took the opportunity immediately following the *Allen* charge to make a record with regard to Juror 54, he made no mention of this alleged conduct:

> THE COURT: Counsel, I don't think this is of great moment, but the jurors just before they came in also sent a written request for the testimony I believe of -- they used his first name. I believe it's Dr. Margulis.
>
> Any objection if we send that back?
>
> MR. CONLIN: None from the plaintiffs, Your Honor.
>
> MR. MACE: None for the defendant, Your Honor.
>
> But while we're on the record, I did want to note that Juror Number 54 was very emphatic in her statements that she was deliberating and that she was following the Court's instructions.
>
> And also note our objection to the Court's addition to the Sixth Circuit pattern instruction for the *Allen* charge about emotional distress at the end. We object to that.

(Tr. at 16–17, Vol. 24.)

As the Court observed, DuPont's same counsel opened the gate to the courtroom well for the jury to exit. The jury was literally inches from him. The same counsel was supported in the courtroom by no fewer than five other defense attorneys, none of whom made any contemporaneous mention of the alleged crying.

Similarly, in DuPont's motion, it takes issue with the process of inquiry to Juror 54 to which it previously agreed. This Court gave DuPont the opportunity – indeed requested DuPont's input, to as can be seen by the following:

> THE COURT: Counsel, you have received copies of two written communications I've received from the jury. . . .

2

So my initial thought is to make a record here. To bring in the juror, give some very careful preliminary instructions before any testimony is given. Those instructions would be along the lines that we want to know nothing about deliberations or anything done while the jury was together looking at this case, but then to ask some specific questions about what is raised in both of these notes and to make sure that she either is or isn't functioning as a juror as directed by the instructions.

I would say, and I've done this before, I'm going to do all the questioning. However, if you wish another area of inquiry before we excuse the person after testimony, I will ask you if you have anything additional you would like me to ask. Again, the reason for that is this is not going to be wide-open questioning. This is going to be focused on the matters in the notes we've gotten.

Rule 606(b) only applies after verdicts, but the principles are the same. The jury deliberations are meant to be extremely private, and there will be no inquiry into anything of that sort.

*At this point I'd invite any additional comments* starting -- well, I was going to start with the plaintiff, Mr. Mace. You're false start lane two, I should call this, but go ahead. Anything additional? *Mr. Mace, the floor is yours.*

(Tr. at 4–6, Vol. 24) (emphasis added).

Instead of making any objection, as it does currently, DuPont was asked for comment, made none, and therefore agreed to the Court's suggestion on how to address the juror. DuPont passed up several opportunities to make any record of its current objection, instead waiting until a time where there can be no accommodation if the Court were inclined to take DuPont's suggestion.

This is so even though Mr. Mace took the opportunity to ask for an additional instruction based on the notes related to Juror 54 to be sent back to the jury, which the Court declined stating that it "appreciated the request" but that currently it was focused on the jury's request regarding removal of Juror 54.

3

> THE COURT: . . . .But my next inclination would be to bring her in and ask her some fairly general questions about what's in these two documents and see what her response is. And then she won't be off the stand and you'll have an opportunity if you wish to submit to me any additional questions in writing.
>
> And then at that point I'll excuse her, and then we'll talk again about what the best course is to go forward and I'll hear from you again.
>
> MR. MACE: We would ask for 10 minutes, Your Honor, to go look at this case that you cited to us.
>
> THE COURT: We're short for time, but 10 minutes is fine. We'll be back here and I will have her in here at 10:25.

(Tr. at 7–8, Vol. 24.)

DuPont made no further request of the Court, forgoing any opportunity to permit the Court to entertain or remedy DuPont's current complaints about questioning the juror.

The jury was given the Allen charge at 11:00 a.m. They then deliberated for an hour before breaking for the day.

### 2. Sealing

Defendant moves to seal a portion of its motion which this Court has reviewed in camera. It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files," which the United States Court of Appeals for the Sixth Circuit has described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). The Sixth Circuit has indicated that the exceptions to the presumption fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom";

4

and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson*, 710 F.2d at 1179 (citations omitted).

Here, the Court concludes that the information related to the juror impacts the privacy rights of that juror and the confidential nature of the jury deliberations. Thus, the Court **GRANTS** DuPont's request to file under seal certain portions of its Motion for a Mistrial. DuPont should also file under seal the entire unredacted motions. (*Abbott* ECF No. 177, *Swartz* ECF No. 187.)

**IT IS SO ORDERED.**

3-2-2020
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**